**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Larry EVANS, Defendant-Appellant.**

No. 38555.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 18, 1978.

Motion for Rehearing and/or Transfer Denied June 8, 1978.

Application to Transfer Denied July 24, 1978.

Blair Drazic, Asst. Public Defender, Robert C. Babione, Public Defender, St. Louis, for defendant-appellant.

George A. Peach, Circuit Atty., Marion G. Eisen, Asst. Circuit Atty., St. Louis, John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals his conviction and sentence following a guilty plea on a charge of selling marijuana. The sentence was five years imprisonment. We have been awaiting the decision in *State v. Mitchell,* 563 S.W.2d 18 (Mo.1978), which raised the same issues as those before us. We affirm.

Defendant may appeal on grounds that the statute under which he was convicted is unconstitutional. These constitutional grounds were not waived by the guilty plea. See *State v. Mitchell, supra.*

Defendant contends that the classification of marijuana as a Schedule I drug is arbitrary and irrational because marijuana has an accepted medical use and is safe for treatment.[1] No evidence of these facts was presented to the trial court nor to this court. Defendant relies upon the decision of one trial court in Washington, D.C. finding as to one defendant with glaucoma a possible medical benefit from the use of marijuana. This is not evidence of medical usage. As pointed out in *State v. Mitchell, supra,* "The present state of knowledge of the effects of marijuana are still incomplete and is marked by much disagreement and controversy." l.c. 29. In such a posture we are dealing with a debatable medical issue and cannot convict the legislature of arbitrary or irrational conduct in including marijuana in Schedule I nor in failing to remove it on the basis of present knowledge. *State v. Mitchell, supra.*

Judgment affirmed.

CLEMENS, P. J., and DOWD, J., concurs.

---

1. *State v. Mitchell, supra,* indicates that drugs included on Schedule I by legislative pronouncement must meet the same standards as drugs which may be added to the list by action of the division of health, an administrative agency. The state in its brief here takes a contrary position. The state apparently did not urge its present position in its brief in *Mitchell.* We need not reach the question.